THE LAW OFFICE OF JOHN C. KIM, P.C.
163-10 Northern Blvd. Suite 201
Flushing, NY 11358
Tel. (718)-539-1100
Fax. (718) 539-1717
*Proposed Attorneys Bulee Café, Ltd.*

**UNITED STATE BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

    BULEE CAFÉ, LTD.
    d/b/a SARAH'S ARTISANAL KITCHEN

    Debtor-in-Possession

Case No. 17-40172-nhl

Chapter 11

**AFFIDAVIT OF YONG WON BU: (I) IN SUPPORT OF**
**EMERGENCY MOTIONS AND APPLICATIONS; AND (II)**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

STATE OF NEW YORK    )
                                ) SS:
COUNTY OF NEW YORK  )

    I, **Yong Won Bu**, of full age, being duly sworn according to law and upon my oath depose and say as follows:

    1. I am the 45% shareholder of Bulee Café, Ltd. d/b/a Sarah's Artisanal Kitchen (the "Debtor" or "Bulee Café" or "Sarah's Kitchen"). I make this affidavit in support of the Debtor's First Day Motions and Applications (discussed below) and in compliance with Local Bankruptcy Rule 1007-4 (this "Affidavit"). Unless otherwise set forth herein, I have personal knowledge of the facts set forth herein or have consulted with responsible parties with personal knowledge concerning these matters and if called as a witness I could and would testify competently thereto.

2. Bulee Café, Ltd. is a New York corporation which owns and operates the deli/catering business, "Sarah's Artisanal Kitchen," a deli and a catering business located in Manhattan's Midtown, situated on Madison Avenue between 39th Street and 40th Street. Sarah's Artisanal Kitchen serves diverse ranges of food from sandwiches, salads to hot buffets, and it enjoys busy breakfast and lunch patronage from tourists to employees of the surrounding companies near the location of the Debtor.

3. The Debtor is a small business pursuant to the Bankruptcy Code §101 (51D).

4. Since opening on February 1, 2015, Sarah's Artisanal Kitchen has been located at 270 Madison Avenue, New York, NY, 10017 (the "Premises"). Bulee Café is a party to that certain agreement of lease dated September 24th 2013 between 270 Madison Avenue LLC and Independence 270 Madison LLC as Tenants-in-Common (collectively "Landlord") and Bulee Café, Ltd. as Tenant (collectively, the "Lease"). The original term of the Lease was for a period of 13 years after the commencement date of January 1, 2014, set to expire January 31, 2027. Bulee Café would modify the Lease thrice thereafter, once in April 2014, another in August 2014 and final in June 2016 for modification in rent amount, deferring $22,912.12 per month for the periods of March to June 2016 (Collectively, "Deferment Period"), such that the monthly installment payments of fixed annual rent payable to the Landlord by Tenant during the Deferment Period is reduced to $50,000.00 per month.

5. Prior to the petition date, the Debtor fell behind in the payment of its rent obligations to Landlord in the amount of approximately $509,152.14 (as of January 2017). Landlord initiated suit against the Debtor in the matter captioned *270 Madison Avenue Associates LLC and Independence 270 Madison LLC vs. Bulee Café, Ltd. et al*. Index No. 081205/16 in the New York County Court, Commercial Part 52. That matter is presently stayed.

## A. DELAYS IN RENOVATION AND CONSTRUCTION

6. The Debtor entered into an agreement of a lease dated September 24th 2013 between 270 Madison Avenue LLC and Independence 270 Madison LLC as Tenants-in-Common (collectively

"Landlord") and Bulee Café, Ltd. as Tenant (collectively, the "Lease") for the Premises. The commencement of the lease began on January 1st, 2014 and received 6-month rent abatement for construction and renovation. However, after the 6 months abatement, the renovation took much longer than expected for another 7 months due to multiple delays in obtaining consent from the building management for permits and licenses. In addition, the building management closed the Premises from May 30, 2014 to July 2, 2014 for a month and a half due to an error on part of the contractor who failed to meet certain regulation guidelines in the process of renovation. Although it was at fault of the Debtor, it was a minor mistake that could've been easily fixed and such closing of the premises was unnecessary. Thus, such delays in the completion of renovation summed up to cost the Debtor for 7 months' worth of rent (from July 1, 2014 to January 2015), which took a huge toll on their expenses without any inflow of revenue.  The Debtor had to use their capital borrowed from New Bank to pay for additional 7 months of construction and renovation. By February 2015, when the Debtor finally opened their business, it has depleted its source of capital on the rent and had to additionally borrow $300,000.00 from New Bank for operating capital.

7. To make the matters worse, in September 2016, the Debtor was forced to sign an amendment to the lease that deleted a portion of the Premises. Such amendment was under threat of immediate eviction from the premises and without benefit of counsel. The deletion of such space from the Premises did not affect the fixed annual rent, additional rent or any other obligations of Tenant under the lease. However, it did affect the Debtor's operation of business as the deleted portion of the Premises was used for its catering business. Thus, the Debtor had to vacate the area, reorganize the structure of the business and carve out a portion of his Deli section for catering. As a result, the Debtor incurred losses and accrued debt expenses, which made extremely difficult to meet various debt obligations including rent and loan payments.

8. In the weeks prior to the Petition Date, my partner and I have been trying to obtain additional catering business from the nearby companies who will retain us for our services on a

continuing basis. Currently, we have one strong prospect that is in the works and if finalized, we could project about a 30% increase of our gross revenue. (A copy of Sarah's Artisanal Kitchen's proposed budget is contained as **Exhibit "1"** to its emergency motion for authorization to use cash collateral).

## B. DEBTOR'S DEBT STRUCTURE AND OBLIGATIONS

9. Prior the petition date, Bulee Café, Ltd. was party to 2 prepetition loan agreements all of which purport to be secured by collateral of the Debtor. While the Debtor was forced to initiate this proceeding on an emergency basis, the Debtor has nevertheless conducted a preliminary analysis of its secured loan.

10. New Bank Loan Agreement 9/24/2013: The Debtor is party to loan agreement with New Bank ("New Bank") dated September 24, 2013 and is made in the principal amount of $1,600,000.00 bearing interest at the rate of prime plus 2.75% (the "New Bank Loan 1"). The New Bank Loan is an SBA loan, with a present outstanding balance of $1,199,586.10. The New Bank Loan is secured by a blanket lien against all of the assets of Bulee Café, Ltd. and is also personally guaranteed by me and Kyu Taik Lee with a mortgage that was taken against my principal residence in Little Neck, Queens, and a mortgage against his principal residence in Cresskill, Bergen County, New Jersey. Both our spouses, Su Nam Bu and Tong H. Yang are listed as co-guarantors.

11. New Bank Loan Agreement 2/25/2015: The Debtor is party to a second loan agreement with New Bank ("New Bank") dated February 25, 2015 and is made in the principal amount of $300,000.00 bearing interest at the rate of prime plus 2.75% (the "New Bank Loan 2"). The New Bank Loan 2 is an SBA loan, with a present outstanding balance of $260,661.23. The New Bank Loan is secured by a blanket lien against all of the assets of Bulee Café, Ltd. and is also personally guaranteed by me and Kyu Taik Lee with a mortgage that was taken against my principal residence in Little Neck, Queens, and a mortgage against his principal residence in Cresskill, Bergen County, New Jersey.

### D. THE DEBTOR'S UNSECURED CREDITOR BODY

12. The Debtor's unsecured creditor body is comprised of an array of claimholders totaling $946,108.64 (includes rent arrears). These claims primarily consist of trade debt and food vendors. In the weeks leading to the petition date, the Debtor was forced to resort to cash terms with nearly all of its vendors.

### E. DEBTOR'S PROPOSED CHAPTER 11 OPERATIONS

13. Local Rule 1007-2 (b) requires the Debtor to set forth certain information concerning the Debtor's anticipated future operations in chapter 11 which are as follows: (i) the Debtor estimates it will expend approximately $98,400.00 in salary to its employees; (2) the Debtor estimates it will pay approximately $2,400.00 to officers and stockholders; (3) the Debtor estimates cash receipts of $400,000 and expenditures as specifically listed on **Exhibit "1"** hereto.

14. Through the Chapter 11 process the Debtor anticipates assuming its Lease while at the same time continuing to identify less profitable areas of the business with the expectation that a new approach coupled with the adjustment of its debts it may achieve through Chapter 11 benefits that will allow a speedy exit from bankruptcy. As stated above, the Debtor was severely impacted by a major delay in construction and subsequent much delayed opening of business operations. Tied in with the loss in space for use of the catering component of the business resulted in a "snowballing" effect that has led it to seeking reorganization. However, with the major positive effects of an anticipated catering contract as well as the possible infusion of capital from investors, the "snowball" would melt away and lead to successful reorganization.

### F. REMAINING REQUIREMENTS OF LBR 1007-4

18. The Debtor submits that the remaining information required by Local Bankruptcy Rule 1007-4 is set forth in the Debtor's emergency motions and filed schedules and statements.

Dated: January 17th, 2017
Flushing, NY

                                                                                       */s/ Yong Won Bu*
                                                                                       Yong Won Bu

Subscribed and sworn to before me
On 17th Day of January 2017

*/s/ John C. Kim*
John C. Kim
Notary Public, State of New York
No. 02KI6112254
Qualified in Kings County
Commission Expires June 28, 2020